

**13 CV 3272**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------- x

       :

**HYMAN BRODT,**
       :        1:13-CV-_____

       :

       :        ECF CASE

                    Plaintiff,    :

       :

            — against —     :        **COMPLAINT**

       :

**CITY OF NEW YORK, DEPARTMENT**     :
**OF INFORMATION TECHNOLOGY &**     :
**TELECOMMUNICATIONS,**    **LEE**     :        **JURY TRIAL REQUESTED**
**DICKE**   and  **MICHAEL**   **BIMONTE,**   :
individually**,**
       :

       :

                  Defendants.   :

       :

--------------------------------------------------------------------------- x

Pro- Se Plaintiff, Hyman Brodt (*"Brodt"* or "*Plaintiff*") files the following Complaint against his

former employer Defendant City of New York, Department of Information Technology &

Telecommunication (*"DoITT"*) and immediate supervisor Lee Dicke ("*Dicke*") and Michael

Bimonte (*"Bimonte"*, Bimonte together with DoITT, *"Defendants"*).

Mr. Brodt, as and for his complaint, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff complains that his former employer, DoITT, engaged in the unlawful discrimination and subsequent retaliation of Plaintiff in the terms, conditions, and privileges of his employment as follows:

        a.  Discrimination and retaliation on the basis of religion in the terms, conditions and privileges of employment in violation of: (a) the Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. (b) New York Executive Law § 292(1) § 296 (10)(a), (c) ("*NYSHRL*"); New York City Administrative Code §8-107(1) ("*NYCHRL*");

        b.  Failure to Accommodate religious beliefs under the terms, conditions and privileges of employment in violation of: § 701 (j) of Title VII of the Civil Rights Act, as amended at 42 U.S.C. § 2000e(j), New York Executive Law § 296e(10)(b), NYCHRL § 8-107(3);

        c.  Disparate Treatment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.; The New York Executive Law, and the New York City Administrative Code;

        d.  Disparate Impact under § 703(k) of Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e-2(k); the City URL § 8-107(17);

        e.  Conspiracy to Discriminate based on plaintiff's religion under the New York Executive Law § 296(6);

f.  Deprivation of rights guaranteed by 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitutions and Article 1, §§ 8 and 11 of the New York State Constitution. Plaintiff seeks both declaratory relief and monetary damages; and

g.  Unlawful discharge with malice or reckless indifference to the federally protected rights of the plaintiff based on his religious beliefs practices pursuant to 42 U.S.C. §§ 2000e-1(a)(l), New York Executive Law § 296(l), and New York City Administrative Code § 8-107(1).

2.  Plaintiff files this action to seek monetary relief for the denial of equal employment opportunity and for the unlawful employment practices of Defendants.

3.  Plaintiff further complains that he has suffered, is suffering and will continue to suffer severe economic and non-economic damages because Defendants deprived Plaintiff of his employment rights in violation of federal and state law.

4.  On or about May 23, 2012, Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("*EEOC*"), which bore charge number 520-2012-02381.

5.  On July 12, 2012, the EEOC referred this matter to the New York State Division of Human Rights for review.

6.  Plaintiff timely brings this action within ninety (90) days of the receipt of a Notice of Right to Sue Letter ("*NORTS Letter*"), issued by the U.S. Department of Justice on February 22, 2013.

3

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e.

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).  Venue in this matter is properly laid in the District because the violations of the Plaintiff's federal and state civil rights occurred at branch office locations in this District, because the Defendant does business in this District, and because most of the fact witnesses and evidence are common to or most convenient to this District.

9.     Plaintiff served copies of this Complaint upon the New York City Commission on Human Rights and the New York City Corporation Counsel prior to filing it in the United States District Court.

## PARTIES

10.     Plaintiff is an individual who, at all times relevant to this Complaint, has resided and currently resides at 1865 East 22 Street, Brooklyn, New York 11229, and County of Kings.

11.     At all times relevant herein, Plaintiff was an "employee" within the meaning of 42 U.S.C.A. §§ 2000e, et seq., § 296 of the NYSHRL and under § 8-102(1) of the NYCHRL and thus, afforded protection against religious discrimination and retaliation in employment on the basis of his religion.

12.     The defendant DoITT is a municipal agency of City of New York duly organized and existing under the laws of the State of New York.

4

13.     At all times material to this action, DoITT was the plaintiff's "employer" within the meaning of Section 701(f) of Title VII (42 U.S.C. § 2000e(f)), Section 292(1) of the NYSHRL, and Section 8-102(1) of the NYCHRL. DoITT is also a "person" within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

14.     Defendant Dicke was a consultant working with DoITT since 2003 with the iWise and later the Remedy database tracking system. He eventually became a DoITT employee and was the immediate supervisor of the plaintiff

15.     Defendant Dicke is responsible for following employment directives and policies, including religious accommodation of religious beliefs Defendant Dicke is an individual who is currently employed at Defendant DoITT.

16.     At all relevant times herein, Defendant Dicke was Plaintiff's supervisor and in a position to discriminate and retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

17.     At all relevant times herein, Defendant Dicke is an individual who aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

18.     Defendant Bimonte is the Deputy Commissioner of DoITT. He is responsible for following employment directives and policies, including religious accommodation of religious beliefs. He is also responsible for hiring, screening, training, retention, supervision, discipline and counseling at DoITT.

19.     Defendant Bimonte knew or should have known of the discriminatory customs, practices, policies, and wrongful acts described in the complaint but nonetheless, condoned, ratified, and/or authorized such conduct. He is being sued in his official and individual capacities.

5

20.     Defendant Bimonte is an individual who is currently employed at Defendant DoITT.

21.     At all relevant times herein, Defendant Bimonte was Plaintiff's supervisor and in a position to discriminate and retaliate against Plaintiff in violation of NYSHRL and NYCHRL.

22.     At all relevant times herein, Defendant Bimonte is an individual who aids, abets, incites, compels or coerces unlawful discriminatory retaliation pursuant to NYSHRL and NYCHRL.

23.     At all times material to this action, defendants have acted under color or custom or usage of law and continue to so act, depriving plaintiff of rights, privileges, and immunities secured to him by the constitution and laws of the United States and the State of New York, and indirect violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

24.     Defendants individually and in their official capacities have individually and collectively attempted to issue a negative performance evaluation, which was used in the unlawful termination of the plaintiff.

25.     Defendants individually and in their official capacities have individually and collectively discriminated, retaliated against and terminated plaintiff on the basis of religion.

## FACTS COMMON TO ALL COUNTS[1]

The claims set forth herein arise from the following set of facts

26.     Mr. Brodt is a parent supporting three children.

27.     Mr. Brodt charges DoITT with unlawful discrimination based on his religion as specifically set forth herein.

---

1. All directly quoted statements, unless otherwise specified, are the sum and substance of such statements as recalled by Plaintiff.

6

28.     Mr. Brodt was hired by DoITT as a Computer Specialist in February 1999.

29.     In March 2001, Mr. Brodt took the Civil Service test for the Computer Specialist title, which he passed.

30.     On May 17, 2003, Mr. Brodt was terminated by DoITT purportedly because of budget cuts. Mr. Brodt contends this reason to be pretextual.

31.     On May 23, 2003, Mr. Brodt filed an internal EEO complaint of unlawful employment discrimination against DoITT.

32.     On July 3, 2003, Mr. Brodt withdrew his complaint as DoITT offered him a new position as Associate Staff Analyst, which he accepted even though it was at a considerable reduction in salary.

33.     On June 19, 2004, Mr. Brodt took a civil service exam for the Staff Analyst position for the purpose of becoming an employee with permanent status so that he would not be terminated in case of budget cuts.

34.     In June 2007, Mr. Brodt was notified that after having passed the exam he was ready to be picked from the Staff Analyst list to become "permanent" status if he would receive DoITT's approval. However, he was told by DoITT personnel that DoITT was "not picking anybody off the list at that time." This was not true as others on the list were picked up (i.e., hired). Despite numerous requests to Deputy Commissioner Bimonte made on Mr. Brodt's behalf by others, he nevertheless continued to refuse to make Mr. Brodt permanent because of his discrimination. This continued until January 2009 when the list expired and Mr. Brodt was unable to become "permanent" in that position.

7

35.     From 2003 to October 2010, Mr. Brodt, who was working in the Citywide Service Desk, worked closely with Mr. Dicke who started out as a consultant and eventually became a DoITT employee and Mr. Brodt's immediate supervisor in October 2010.

36.     During the entire period of Mr. Brodt's association with Mr. Dicke he was subject to religious harassment and was in a hostile work environment.

37.     Specifically, Mr. Dicke constantly mocked Mr. Brodt for having 9 children. When Mr. Brodt went to his daily afternoon prayer service, Mr. Dicke made derisive comments saying that he should not forget to pray for him also.

38.     What was most annoying was Mr. Dicke's constant touching and rubbing of Mr. Brodt's yarmulke. (The only reason Mr. Brodt did not complain about this treatment was because Mr. Dicke promised that he would use his influence with Deputy Commissioner Bimonte to make him permanent.)

39.     In June 2009 Mr. Brodt took the Principal Administrative Associate exam and later 4 other civil service exams in order to continue his quest to become a "permanent" employee.

40.     In November 2012, DoITT was notified that Mr. Brodt, who had passed the exam, was ready to be picked up to become permanent. Again Mr. Bimonte and his staff refused and violated civil service law by not picking Mr. Brodt up.

41.     In January 2012, Lee Dicke issued a negative performance evaluation report for Mr. Brodt, the first that he had received in all the 13 years that Mr. Brodt had been working at DoITT.

42.     In January 2012, Mr. Brodt was notified that because of budget cuts he would be terminated in April 2012.

43.     On January 24, 2012, Mr. Brodt filed an internal EEO complaint against Mr. Dicke for religious discrimination and religious harassment.

44.     In March 2012, EEO concluded that Mr. Dicke should attend DoITT's Sexual Harassment Prevention Training for Managers and should be counseled about personal space and workplace comments.

45.     On April 17, 2012, Mr. Brodt was terminated despite numerous requests to be picked off the list to become permanent.

46.     Mr. Brodt alleges that he was not selected for advancement and was terminated based upon religious animus and in retaliation for his lawful complaints of discrimination.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### (Employment Discrimination – TITLE VII)

47.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

48.     Defendants have discriminated against Plaintiff in terms of conditions of his employment on the basis of his religion, in violation of Section 703(a)(2) of Title VII (42 U.S.C. § 2000e-2(a)(2)).

49.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, , as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

9

50.     All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## SECOND CLAIM FOR RELIEF
### (Employment Discrimination - NYSHRL)

51.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

52.     Defendants have discriminated against Plaintiff in terms of conditions of his employment on the basis of his religion, in violation of Section 296 of the NYSHRL.

53.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, , as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

54.     All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## THIRD CLAIM FOR RELIEF
### (Employment Discrimination - NYCHRL)

55.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

56.     Defendants have discriminated against Plaintiff in terms of conditions of his employment on the basis of his religion, in violation of Section 8-107 of the NYCHRL.

57.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress,  as

10

well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

58.     All of the foregoing damages have been exacerbated by the latest events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FOURTH CLAIM FOR RELIEF
(Unlawful Discrimination)

59.      Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

60.      Defendants have unlawfully and intentionally terminated Plaintiff based on his religion and religious appearance in violation of 42 U.S.C. § § 2000-l(a)(l), Section 296(1) of the NYSHRL, and Section 8-107 of the NYCHRL.

61.      Defendants' discriminatory acts were motivated by religious animus and were performed with the intent to discriminate against Plaintiff based on his religion.

62.      As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, as well as in money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

63.      All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## FIFTH CLAIM FOR RELIEF
(Disparate Treatment)

64.      Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

65.      Defendants have unlawfully treated less favorably because of their religion pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000 et seq., the NYSHRL and the NYCHRL.

12

66.     As a result of Defendants' disparate treatment against Plaintiff, he has been prevented from working as a computer specialist, as well as from improving and advancing his career.

67.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

68.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## SIXTH CLAIM FOR RELIEF
### (Disparate Impact)

69.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

70.     The Defendants' wrongful employment practice has resulted in discrimination against Plaintiff based on his religion.

71.     Plaintiff was discriminated against because he is an observant JEW violation of Disparate Impact under § 703(k) of Title VII of the Civil Rights Act of 1991 as amended, 42 U.S.C. § 2000e-2(k) and the NYCHRL § 8-107(17).

72.     As a result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

13

73.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## SEVENTH CLAIM  FOR RELIEF
### (Retaliation – TITLE VII)

74.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

75.    Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 704 of Title VII (42 U.S.C. § 2000e-3).

76.    Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

77.    Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

78.    As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating his employment.

79.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress,

14

physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

80.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## EIGHTH CLAIM FOR RELIEF
### (Retaliation - NYSHRL)

81.   Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

82.   Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 296 (7) of the NYSHRL.

83.   Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

84.   Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

85.   As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating his employment.

86.   As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

16

87.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

### NINTH CLAIM FOR RELIEF
### (Retaliation - NYCHRL)

88.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

89.     Defendants have retaliated against Plaintiff for having complained of religious discrimination in the terms and conditions of employment in violation of Section 8-107(7) of the NYCHRL.

90.     Plaintiff acted in opposition to such unlawful conduct by making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including the EEO.

91.     Defendants had actual knowledge of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, including EEO.

92.     As a proximate result of Plaintiff's activities in respect of making good faith claims and/or complaints of religious discrimination to Defendants and appropriate authorities, Defendants engaged in adverse treatment of Plaintiff, including, inter alia, terminating his employment.

93.     As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress,

physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

94.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

### TENTH CLAIM FOR RELIEF
### (Conspiracy to Discriminate)

95.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

96.     Defendants, individually and collectively conspired to discriminate by aiding, abetting, inciting, compelling and coercing Plaintiff. collectively and individually to stop driving TA passenger buses based on religion and thereafter terminated his employment in violation of the New York State Executive § 296(6).

97.     Defendants conspired to retaliate against Plaintiff for speaking out against his discrimination.

98.     As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

99.     All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

18

## ELEVENTH CLAIM FOR RELIEF
(Violation of First Amendment Rights)

100.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

101.    Defendants' individually and collectively acted with wanton and reckless disregard for Plaintiff's civil rights, religious appearance and belief, under the. First Amendment to the United States Constitution, and the New York State Constitution Article I.

102.    As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

103.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## TWELFTH CLAIM FOR RELIEF
(Denial of Equal Protection Clause)

104.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

105.    Defendants have denied Plaintiff equal protection of the laws because of his religion, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution.

19

106. Defendants' actions are willful and deliberate and are done under the color of law. These acts constitute a pattern, custom and practice in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

107. As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

108. All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## THIRTEENTH CLAIM FOR RELIEF
### (Discriminatory Discharge)

109. Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

110. Defendants have unlawfully arid intentionally discharged Plaintiff based on his religion and religious appearance in violation of 42 U.S.C. §§ 2000-1(a)(1), Section 296 (1) of the NYSHRL, and Section 8-107 of the NYCHRL.

111. As a result of the Defendants' wrongful actions complained of herein. Plaintiff has suffered severe damages in the form of humiliation, embarrassment, emotional distress, physical injury, as well as money damages including, but not limited to regular wages, overtime wages, retirement benefits, insurance benefits and pension.

112.    All of these damages have been exacerbated by the events surrounding Plaintiff's most recent discrimination, retaliation, hostile environment, disparate treatment and unlawful termination.

## ATTORNEY'S FEES AND COSTS

113.    Attorney's fees and costs are warranted in this matter as the undersigned, on behalf of Plaintiff, have in good faith, attempted to negotiate a reasonable resolution with Defendants without having to refer this matter to this forum for adjudication, determination and final resolution on the merits.

## PUNITIVE DAMAGES – BAD FAITH

114.    It is presumed that parties to contracts undertake their respective obligations in good faith, with intent to deal fairly. In light of Defendants' obvious and blatant bad faith, wrongdoing and breach of other duties, ***punitive damages*** should be assessed against Defendants so that they be deterred from attempting such harmful employment practices in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

I.    A Declaratory Judgment declaring that the acts complained of herein violate the rights of Plaintiff as guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., New York State Executive Law, New York City Administrative Code, First Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, New York

21

State Constitution Section 8 and 11;

II.    A judgment granting equitable relief directing Defendants to cease and desist from exposing Plaintiff to discrimination and retaliation and. reinstating him to full status as a Computer analyst.

III.    A judgment directing Defendants to reimburse and make Plaintiff whole for any and all earnings he would have received but for Defendants' discriminatory treatment and unlawful dismissal, including but not limited to, back pay and pension benefits;

IV.    A judgment awarding Plaintiff compensatory damages for mental anguish, loss of dignity, humiliation, and injury to livelihood in an amount that is fair, just, and reasonable, to be determined at trial, including reasonable attorneys' fees, as provided in 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

V.    A judgment awarding Plaintiff double damages for Plaintiff's intentional discrimination;

VI.    A judgment awarding Plaintiff front pay;

VII.    A judgment awarding Plaintiff punitive damages;

VIII.    An award of prejudgment interest, costs and attorney's fees; and

IX.    Such other and further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by the complaint.


Dated:    New York, New York
          May 8, 2013


                              Respectfully submitted,

                              Pro Se

                              By:

                              Hyman Brodt
                              1865 East 22 Street
                              Brooklyn New York 11229
                              718 490 0707

23